STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-00-301

JOHN LOWRY,

        Plaintiff

    v.

                                 ORDER
                                 AND
                                 DECISION

KTI SPECIALTY WASTE SERVICES,
INC. And CASELLA WASTE SYSTEMS,
INC.,

        Defendants

The plaintiff has brought a four count complaint resulting from his employment by and discharge from the defendants. The defendants have moved for summary judgment on April 13, 2001 on multiple grounds. The motion will be granted.

Any claims that the plaintiff has against either or both defendants arose by August of 1999. On September 30, 1999 the plaintiff filed for Chapter 7 bankruptcy protection while represented by a different attorney. He did not list the current claims in his schedule of assets and stated under oath that he had no such claims. He received a discharge on December 30, 1999 and filed this complaint on November 2, 2000. He has not yet reopened or attempted to reopen his bankruptcy proceeding so that the bankruptcy trustee could either abandon or pursue these claims which belong to the bankruptcy estate and not the plaintiff.

The plaintiff lacks standing to bring these claims, see *Rosenshein v. Kleban*, 918 F.Supp. 98, 102-3 (S.D.N.Y. 1996) and his claims are barred by the doctrine of

judicial estoppel. See *Rosenshein* at 104-5, *Payless Wholesale Distributors, Inc. v. Alberto Culver, Inc.*, 989 F.2d 570 (1st Cir. 1993) and generally *New Hampshire v. Maine*, 532 U.S. ___ (May 19, 2001).

If the lack of standing defense was the only one presented the proper remedy, in the absence, as here, of a motion to stay, would be to dismiss the complaint without prejudice to its potential refiling. However, as the defendant has violated the doctrine of judicial estoppel as well the remedy must be more severe. The entry is:

> Defendants' motion for summary judgment is granted in part. The complaint is dismissed with prejudice.

Dated:     September 18, 2001

Paul A. Fritzsche
Justice, Superior Court

Harry B. Center, II, Esq. - PL
Jared des Rosiers, Esq. - DEFS

2